UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RAYMOND BEARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14-CV-1779 PS |
| vs. | ) | |
| | ) | |
| GLOBAL POLYMERS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Raymond Beard, a *pro se* prisoner, filed an amended complaint (DE 4) under 42 U.S.C. § 1983 alleging he was injured as a result of working in hazardous conditions at the Westville Correctional Facility and that he was denied proper medical care for his injuries. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must contain enough to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

-1-

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Beard is an inmate at Westville Correctional Facility ("Westville"). As an inmate he worked for Global Polymers. Beard complained to his Global supervisors, Rob Wright and John Graff, about water leaking from the ceiling onto the ground, making his work area slippery, but Wright and Graff refused to consider the condition to be an unsafe environment. On December 12, 2012, Beard slipped and fell while walking to his work station, hitting his head on the concrete floor.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Beard's slip and fall claim does not satisfy the objective prong of this test.

"[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). "Conditions of confinement must be severe to support an Eighth Amendment claim; the

prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). However, as the Tenth Circuit has explained, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases).

Beard also claims to have been denied adequate medical treatment for the injuries he sustained as a result of the fall. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person

responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

When Beard arrived at the medical room after the fall, Nurse Cody performed an X-ray and Doctor Krembs ordered a pain shot and a wheelchair for Beard's back pain. Apparently, Nurse Cody did not give Beard the pain shot or a wheelchair. Instead, Beard was given only aspirin for his headache. Beard was then forced to walk one-quarter mile back to his dorm. Beard asserts that he should have been given a medical accommodation so that he did not have to walk, since walking caused him extreme pain. Giving Beard the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that Nurse Cody was deliberately indifferent to his serious medical needs when she denied him the prescribed pain medication and wheelchair, thus requiring him to walk back to his dorm after leaving the medical room.

While recovering from his injuries, Beard made approximately forty (40) health care requests stating that he was in pain and could not walk to the cafeteria, and asked to either have his food brought to him or be permitted to stay in the infirmary. However, Nurse Cartello refused Beard's requests. As a result, Beard was required to walk to the cafeteria to eat, which caused him excruciating pain and also caused him to miss meals. Giving Beard the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that Nurse Cartello was deliberately indifferent to his serious medical needs when she refused to address his health care request forms.

Immediately following Beard's fall, Sergeant Stall took Beard's identification tag

-4-

while the nurses took Beard's vital signs. The tag was never returned. When Beard asked what happened to the tag, Sergeant Stall told Beard he would have to purchase a new one. Because the tag had Beard's personal and medical information on it, not having the tag caused Beard to be denied insulin and certain meals for approximately two to three weeks.

Also, Beard was denied a medical check-up when Officer Moody, who knew about Beard not having his identification, nevertheless refused to allow Beard to go to his medical appointment without it. Prison officials do have a duty under the Eighth Amendment to ensure inmates receive adequate food and medical care. *Farmer*, 511 U.S. at 832. Giving Beard the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that Officer Moody was deliberately indifferent to his serious medical need by not allowing Beard to go to his medical check-up and Sergeant Stall was deliberately indifferent to Beard's deprivations caused by taking his identification badge.

Beard also claims his employer, Global, retaliated against him for getting injured, by issuing him conduct reports and ultimately transferring him to another section of the facility. Beard's claims of retaliation could rise to a constitutional claim if the retaliation was for Beard exercising a constitutional right. *Perotti v. Quinones*, 488 Fed. Appx. 141, 146 (7th Cir. 2012)(*citing Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006)). However, there is no constitutional right to work in prison. *Armstrong v. Lane*, 771 F.Supp. 943, 950 (C.D. Ill. 1991)(*citing Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983)). Thus, even though it is highly questionable and unprofessional for Global's

supervisors to retaliate against him by issuing conduct reports and transferring him, that does not amount to a constitutional violation.

Finally, Beard claims to have filed numerous grievances with Timothy Bean, but complains that Bean has not processed them properly. Although Beard does not detail this in his complaint, it is of no consequence. Prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As a result, Beard's complaints about the grievance process do not state a constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on an Eighth Amendment claim against Nurse Cody for compensatory and punitive damages for denying him adequate medical care by withholding the prescribed pain medication and wheelchair;

(2) **GRANTS** the plaintiff leave to proceed on an Eighth Amendment claim against Nurse Cartello for compensatory and punitive damages for denying him adequate medical care by refusing to acknowledge Beard's health care request forms regarding his ability to walk;

(3) **GRANTS** the plaintiff leave to proceed on an Eighth Amendment claim against Sergeant Stall for compensatory and punitive damages for taking Beard's identification badge knowing that it would result in Beard being deprived medical care and food;

(4) **GRANTS** the plaintiff leave to proceed on an Eighth Amendment claim against Officer Moody for compensatory and punitive damages for not allowing Beard to attend

a medical check-up;

(5) **DISMISSES** any and all other claims contained in the complaint;

(6) **DIRECTS** the clerk to transmit the summons and USM-285's for Nurse Cody, Nurse Cartello, Sergeant Stall and Officer Moody to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (DE 4);

(7) **DIRECTS** the United States Marshals Service to effect service of process on Nurse Cody, Nurse Cartello, Sergeant Stall and Officer Moody; and

(8) **ORDERS** that Nurse Cody, Nurse Cartello, Sergeant Stall and Officer Moody respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: November 24, 2014.   s/Philip P. Simon
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court